IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLINTON T. ELDRIDGE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-707-MJR |
| ) | |
| **RANDY DAVIS,** *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Petitioner brings this action pursuant to 28 U.S.C. § 2241 to challenge a disciplinary proceeding, and he also seeks leave to proceed *in forma pauperis* (Doc. 2). According to the pleadings, in January 2005 Petitioner was charged with indecent exposure; a guilty finding led to the revocation of his commissary privilege for sixty days.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Typically the writ of habeas corpus is used to completely free an inmate from unlawful

custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id*. at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner seeks restoration of his commissary privilege, but such a challenge does not request a "quantum change in the level of custody." Therefore, relief is not available to him under habeas corpus.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. This consideration is particularly applicable here, as Petitioner is barred from proceeding *in forma pauperis*. 28 U.S.C. § 1915(g).[1]

Therefore, the Court is unable to provide the relief sought. Accordingly, the motion for leave

---

[1] *See, e.g., Eldridge v. Johnson*, Case No. 92-cv-2669 (D.D.C., filed Nov. 30, 1992); *Eldridge v. District of Columbia*, Case No. 94-cv-664 (D.D.C., filed March 25, 1994); *Eldridge v. District of Columbia*, Case No. 96-cv-1064 (D.D.C., filed May 9, 1996); *Eldridge v. District of Columbia*, Case No. 99-cv-114 (D.D.C., filed Jan. 14, 1999).

to proceed in forma pauperis is **DENIED**, and this habeas corpus action is **DISMISSED** without prejudice to Petitioner raising his claims in a civil rights action.  **If Petitioner wishes to challenge this disciplinary proceeding, he may do so only in a properly filed civil rights action, accompanied by the full $250 filing fee.**

    IT IS SO ORDERED.

    DATED this 4th day of October, 2005.

                                                    <u>s/ Michael J. Reagan</u>
                                                    **MICHAEL J. REAGAN**
                                                    **United States District Judge**